**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02042-RM-BNB

DAMON WILLIAMS,

      Plaintiff,

v.

CREDIT MANAGEMENT, LP,
a Nevada limited partnership,

      Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant Credit Management, LP's ("Credit

Management") Motion to Set Aside Entry of Default.  (ECF No. 17.)

For the reasons stated below, the Court DENIES Defendant's Motion to Set Aside the

Entry of Default.

**I.       BACKGROUND**

On July 23, 2014, Plaintiff Damon Williams filed this lawsuit alleging Defendant's

conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

(ECF No. 1.)  On September 8, 2014, Plaintiff filed a summons returned as executed on July 31,

2014.  (ECF No. 8.)  Therefore, Defendant's Answer or response permitted by Rule 12 of the

Federal Rules of Civil Procedure was due August 21, 2014.  (ECF No. 8.)

On September 8, 2014, Plaintiff moved for the entry of default against Defendant for

failure to file an answer or otherwise respond to the Complaint timely.  (ECF No. 9.)  On

September 9, 2014, the Clerk of the Court entered default against Defendant.  (ECF No. 10.)

On September 11, 2014[1], Defendant answered the Complaint.  (ECF No. 13.)  Also on September 11, Defendant responded to the motion for the entry of default.  (ECF No. 14.)

On September 15, 2014, Defendant moved to set aside the entry of default.  (ECF No. 17.)

## II.    LEGAL STANDARD

The Court "may set aside an entry of default for good cause. . . ."  Fed. R. Civ. P. 55(c).

The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense.  *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished) (citation omitted); *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (citation omitted).  The Court may consider other factors as well. *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (unpublished) (citation omitted). Setting aside a default entry is addressed to the sound discretion of the Court.  *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

The good cause required for setting aside an entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citation omitted).  The preferred disposition of any case is upon its merits and not through default.  *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

---

[1] The Court notes that Defendant filed two answers on September 11, 2014 (ECF Nos. 13, 15) and two responses to the motion for entry of default (ECF Nos. 14, 16).  The Court discerns no differences in the respective filings. Therefore, the Court refers to the earlier filed document.

Nevertheless, "this judicial preference is counterbalanced by considerations of social goals, justice, and expediency" in adjudicated cases. *Id*.

## III.    ANALYSIS

As a preliminary matter, with regard to the procedural posture of this matter, Defendant's motion to set aside the entry of default fails to comply with Local Rule 7.1(a). (*See* ECF No. 17.) Local Rule 7.1(a) states that

> Before filing a motion, counsel for the moving party . . . shall confer or make reasonable good faith efforts to confer with any opposing counsel . . . to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C. Colo. L. Civ. R. 7.1(a). Defendant fails to describe any efforts made to confer with opposing counsel regarding the relief sought in Defendant's motion. (*See generally* ECF No. 17.) Noncompliance with procedures required by a local rule is a proper basis for denying Defendant's motion. *See Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011) (denying a motion to amend a complaint for failure to comply with a local rule) (citations omitted); *Farris v. Broaddus*, Case No. 08-CV-00986-CMA-BNB, 2008 WL 5225885, at *1 (D. Colo. Dec. 12, 2008) (denying a motion, in part, based upon a party's failure to comply with Local Rule 7.1(a)).

As to the substance of Defendant's motion, Defendant's motion fails to demonstrate "good cause" sufficient for the Court to exercise its discretion to set aside the entry of default. The Court notes that Defendant's motion to set aside the entry of default is not supported by an affidavit or declaration attesting to the factual averments. This absence of factual support cuts heavily against Defendant.

A willful failure to respond constitutes culpable conduct. *United States .v Timbers Preserve, Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds as

recognized by *United States v. $285,350.00 in United States Currency*, 547 F. App'x 886, 887 (10th Cir. 2013).  Conversely, courts have held that an honest mistake by a defendant does not represent a willful failure to respond.  *E.g.*, *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (holding that default judgment may be set aside for "good cause, and upon a showing of mistake, or any other just reason").  Here, Defendant alleges, without factual support, that "upon service of Plaintiff's Complaint . . . [it] began making attempts to contact Plaintiff's attorney in order to obtain more information about his client that would assist Defendant in locating Plaintiff's account and prepare an answer to the Complaint."  (ECF No. 17 at 1.)  Further, Defendant alleges, without factual support, that Defendant's general counsel "believed that the information he requested would be provided and that there was a reasonable expectation that the case would be resolved out of court."  (ECF No. 17 at 2.)  While it is accurate that "'inadvertence,' *if facts establishing it are shown*, may provide an excuse legally sufficient to set aside a default entry under Rule 55(c)," *Bollacker v. Oxford Collection Agency, Inc.*, Case No. 07-CV-01730-WDM-MEH, 2007 WL 3274435, at *2 (D. Colo. Nov. 5, 2007) (emphasis added and citations omitted), such inadvertence is absent in this matter.  Here, Defendant consciously did not answer or otherwise respond to the Complaint within the time limits prescribed pursuant to Rule 12(a) of the Federal Rules of Civil Procedure.  Defendant could have stipulated to an extension of time in which to answer or otherwise respond, D.C. Colo. L. Civ. R. 6.1(a).  Defendant could have moved for an extension of time if it were unable to receive Plaintiff's consent to such a stipulation.  Defendant could have moved for a more definite statement if it believed that the facts in the Complaint were insufficient to provide it with fair notice as to Plaintiff's claim.  Defendant could have moved to dismiss the Complaint for failure to state a claim if it believed that Plaintiff's Complaint was legally deficient.  Defendant

did none of the above.  Rather Defendant willfully let the deadline to answer or otherwise

respond to the Complaint pass without taking legally sufficient conduct.  Defendant's conduct in

this matter constitutes culpable failure to comply with the Federal Rules of Civil Procedure.  *See*

*QFA Royalties LLC v. Liberty Holding Group, Inc.*, Case No. 06-CV-00948-LTB-MEH, 2007

WL 2071633, at *1 (D. Colo. July 16, 2007) (denying a motion to set an entry of default, in part,

based upon the defendant's culpable conduct even though the parties were engaged in settlement

discussions at the time defendant failed to file a responsive pleading).

The Court recognizes that Defendant moved to set aside the entry of default shortly after

it was entered.  (*See* ECF Nos. 10; 17.)  The Court recognizes that the slight delay in case

proceedings caused by the failure to answer or respond to the Complaint with a proper Rule 12

motion may not prejudice Plaintiff's ability to prosecute this case.  Defendant's response to

remedy its mistake, however, is not dispositive that Defendant's conduct was the result of an

honest mistake.  *See Royal v. Stellar Recovery, Inc.*, Case No. 10-CV-00857-LTB, 2010 WL

3777549, at *1 (D. Colo. Sept. 21, 2010) (denying a motion to set aside the entry of default

which was filed nine days after the entry of default).

Defendant raises one defense in its motion:  that Plaintiff's claim is subject to the defense

of "bona fide error."  (ECF No. 17 at 3.)  Defendant's defense, however, is a legal conclusion

devoid of factual support.  Thus, Defendant's defense is insufficient to establish good cause

sufficient to sustain setting aside the entry of default.  *Bollacker*, 2007 WL 3274435 at *3 (citing

*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (holding that for a defendant to demonstrate a

meritorious defense under Rule 60(b), "the court examines the allegations contained in the

moving papers to determine whether the movant's version of the factual circumstances

surrounding the dispute, if true, would constitute a defense to the action")).  In this matter,

5

Defendant provides no factual averments that would permit the Court to draw the inference that Defendant has a meritorious defense. *QFA Royalties*, 2007 WL 2071633 at *3 (holding that the defendant did not present a meritorious defense when the movant only presented legal conclusions without underlying factually supportive allegations); c*f. Spektor v. Niagara Credit Solutions, Inc.*, Case No. 08-CV-00820-RPM-MEH, 2008 WL 2782725, at *2 (D. Colo. July 7, 2008) (the defendant submitted sworn affidavits supporting a meritorious defense).

Under the FDCPA, bona fide error is an affirmative defense that insulates debt collectors from liability even when they have violated the FDCPA. 15 U.S.C. § 1692k(c); *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006). A defendant, however, carries the burden of proving that the violation was (1) unintentional; (2) a bona fide error; and (3) made despite the maintenance of procedures reasonably adapted to avoid the error. *Johnson*, 443 F.3d at 727. The United States Supreme Court has held that the bona fide error defense does not apply to a violation of the FDCPA which results from a debt collector's incorrect interpretation of the FDCPA's legal requirements. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581-96 (2010). Here, Defendant provides the Court with no factual support which permits the Court to draw an inference that the violation resulted from a bona fide error or did not result from an incorrect interpretation of the FDCPA. Thus, Defendant fails to present a meritorious defense.

IV.     CONCLUSION

Based on the foregoing, the Court:

(1)     DENIES Defendant's motion to set aside the entry of default (ECF No. 17).

DATED this 10th day of February, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge